LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN M. MURPHY (No. 103768)
JEREMY A. GRAHAM (No. 234166)
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel:   (415) 986-1338
Fax:  (415) 986-1231

Attorneys for Plaintiff
ALVIN JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CINGULAR WIRELESS, STEVEN JAEGER, and DOES ONE through TWENTY, inclusive,<br><br>    Defendants. | NO.   C 06-03234 SI<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

      Plaintiff Alvin Jackson ("Plaintiff") and Defendants Cingular Wireless ("Cingular") and Steven Jaeger, by and through their respective undersigned counsel, hereby stipulate and agree to, and request entry of, the following Protective Order:

1.    The Order shall be applicable to and govern all discovery taken pursuant to the Federal Rules of Civil Procedure, including documents and other tangible objects produced in response

1 to requests for production or as part of initial disclosures, answers to interrogatories, responses to
2 requests for admissions, and depositions.

3     2.    A party or third party may designate as "Confidential" any material that the party in good
4 faith believes constitutes or includes proprietary business or financial information, personal
5 information or information furnished to it in confidence by any third-party, which
6 information is not known or freely accessible to the general public. Good faith also exists where
7 the disclosure would violate the legitimate privacy interests of either party or third parties.

8     3.    Information or materials designated as "Confidential" may be disclosed to the
9 parties for the purposes of the litigation, but must be protected against disclosure to third parties.
10 Absent a specific order by this Court, once designated as "Confidential," such designated
11 information shall be used solely in connection with this litigation, and not for any business,
12 competitive, governmental, or other purpose or function, and such information shall not be
13 disclosed to anyone except as provided herein.

14     4.    The designation of information or material as "Confidential" for purposes of this
15 Protective Order shall be made in the following manner by the party or nonparty seeking
16 protection:

17     (a)    in the case of documents, exhibits, briefs, memoranda, interrogatory
18 responses, responses to requests for admission, or other materials (apart from depositions or
19 other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to any document
20 containing any confidential information or material;

21     (b)    in the case of depositions by a statement on the record, by counsel, during
22 such deposition that the entire transcript or a portion thereof shall be designated as
23 "Confidential" hereunder. If any document or information designated as "Confidential" is used
24 during the course of a deposition, that portion of the deposition record reflecting such
25 confidential information shall be stamped "Confidential," and access thereto shall be limited
26 pursuant to the other terms of this Protective Order.

1    5.    Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available in whole or in part only to the following persons:

(a)    parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)    the parties and employees of the parties, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation;

(c)    subject to the provisions of paragraph 7 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(d)    the Court,

(e)    court reporters employed in connection with this action;

(f)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 7 herein;

(g)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 7 herein;

(h)    witnesses, including non-party witnesses, in preparation for, and in the course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of the parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes; and

2

    (i) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 7 herein.

  6. The persons receiving "Confidential" material are enjoined from disclosing it to any other person, except as permitted by this Order.

  7. If a party wishes to submit to the Court any "Confidential" material, the party shall attempt to obtain agreement from the party that designated the material "Confidential" that the material need not be filed under seal. If no agreement is reached, the party that designated the material as "Confidential" shall have ten (10) calendar days to file a motion to seal the subject material. The parties agree that such motion may be filed *ex parte* and on shortened time. The parties agree that no opposition will be filed to any motion filed pursuant to this paragraph. Nothing in this section shall prevent a party from filing its own "Confidential" material not under seal.

  8. A party or third party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge. A party may challenge the other party's designation by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, with confidential portions thereof to be filed provisionally under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the

1  objection. Until a dispute over the asserted designation is finally resolved by the parties or the
2  Court, all parties and persons shall treat the information or materials in question as designated.
3        9.       All counsel for the parties who have access to information or material designated
4  as "Confidential" under this Protective Order acknowledge they are bound by this Order and
5  submit to the jurisdiction of this Court for purposes of enforcing this Order.
6       10.       Entering into, agreeing to, and/or producing or receiving information or material
7  designated as "Confidential" or otherwise complying with the terms of this Protective Order,
8  shall not:
9       (a)       operate as an admission by any party that any particular information or
10 material designated as "Confidential" contains or reflects trade secrets, or proprietary or
11 commercially sensitive information, or any other type of confidential information;
12       (b)       operate as an admission by any party that the restrictions and procedures
13 set forth herein constitute or do not constitute adequate protection for any particular information
14 deemed by any party to be "Confidential";
15       (c)       prejudice in any way the rights of the parties to object to the production of
16 documents they consider not subject to discovery;
17       (d)       prejudice in any way the rights of any party to object to the authenticity or
18 admissibility into evidence of any document, testimony, or other evidence subject to this
19 Protective Order;
20       (e)       prejudice in any way the rights of a party to seek a determination by the
21 Court whether any information or material should be subject to the terms of this Protective
22 Order;
23       (f)       prejudice in any way the rights of a party to petition the Court for a further
24 protective order relating to any purportedly confidential information;
25       (g)       prejudice in any way the rights of a party to make a showing that
26 information or materials of proprietary or competitive value, but which is not specifically

4

included in the categories of "Confidential" information or materials itemized in Paragraph 4 above, is properly designated "Confidential"; or

        (h)    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

11.    This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

        (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

        (b)    is or becomes publicly known through no fault or act of such party; or

        (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

12.    In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to obtain consent of the non-party prior to disclosing such information. If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of (a) the existence of the information, and (b) the identity of the non-party. If possible, the producing party may also redact the third party's confidential information to protect the third-party's interests. Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

13.    It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each

5

of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

14.  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

15.  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days of the final resolution of all related litigation between the parties covered by this Protective Order, all "Confidential" material and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed.

16.  In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order, subject to court approval.

17.  If any party (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "Confidential."  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena,

1  demand, or other legal process, the party shall respond by setting forth the existence of this
2  Protective Order. Once notification is given pursuant to this provision, it shall be the obligation
3  of the party or person that designated the information or materials at issue to challenge such a
4  subpoena, demand, or other legal process, and not the obligation of the party or person that
5  received the subpoena, demand, or other legal process.

7  DATED: October 18, 2006                    **PERKINS COIE LLP**

                                              By: _____/s/_____
                                                   David R. Burtt

                                              Attorneys for Defendants
                                              CINGULAR WIRELESS and STEVEN
                                              JAEGER

                                              **LAW OFFICES OF STEPHEN M. MURPHY**

12 DATED: October 18, 2006

                                              By: _____/s/_____
                                                   Jeremy A. Graham

                                              Attorneys for Plaintiff
                                              ALVIN JACKSON

18 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

                                              _____
20 Dated:
                                              United States District Court Judge

7